# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VACLAV ONDRISEK and VANESSA ONDRISEK,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant | Case No.: 2:18-cv-00411-APG-CWH<br><br>**Order Granting Motion to Dismiss**<br><br>[ECF No. 28] |

Plaintiffs Vaclav and Vanessa Ondrisek filed this lawsuit seeking special and general damages and an order that Vaclav Ondrisek (Vaclav) shall not be removed from the United States. ECF No. 8. Defendant United States Citizenship and Immigration Services (USCIS) moves to dismiss, arguing I have no subject matter jurisdiction to award damages or to order that Vaclav not be removed from the United States. ECF No. 28.

Because the Ondriseks have not adequately demonstrated the government's waiver of sovereign immunity, I grant USCIS's motion to dismiss. However, out of an abundance of caution and because it is not clear that amendment would be futile, I grant the Ondriseks 30 days to file a motion for leave to file a second amended complaint. The motion shall include a proposed amended complaint and must explain how they intend to overcome the obstacles identified by USCIS.

I. **BACKGROUND**

The Ondriseks filed their complaint *pro se*. ECF No. 4. After I referred them to the Pro Bono Program, they obtained *pro bono* counsel. ECF Nos. 5 and 6.

Vaclav is a citizen of the Czech Republic. ECF No. 8 at 2. He entered the United States on a visitor visa on about February 5, 2000. *Id.* On May 21, 2002, Vaclav was charged with removability for overstaying his visitor visa and accepting unauthorized employment. *Id.* The removal proceedings are ongoing. *Id.* at 3.

In April 2003, Vaclav married his first wife, a United States citizen, who filed an I-130 Petition for Alien Relative on Vaclav's behalf. *Id.* at 2. The petition was initially denied but later approved following an appeal. *Id.* However, because Vaclav had divorced his first wife and remarried another United States citizen, the immigration court denied his request to terminate removal proceedings. *Id.* On May 9, 2018, USCIS interviewed Vaclav's second wife, plaintiff Vanessa Ondrisek, regarding her I-130 petition that she submitted on Vaclav's behalf. *Id.* at 3. On June 11, 2018, USCIS served the Ondriseks with Notice of Intent to Deny their I-130 petition; four days later the Ondriseks provided evidence that their marriage is *bona fide*. *Id.* The I-130 petition is still under review, as USCIS has not issued a final decision. *See id.* at 3-4.

Vaclav contends that USCIS violated his procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by failing to approve the second I-130 petition. *Id.* at 3. Vaclav claims actual harm as a result of the delay in processing the I-130 petition, including the loss of his commercial driver's license and accompanying livelihood. *Id.* at 3-4. Vaclav has child support obligations to his first wife, and as of July 2018 he was expecting a child with his current wife Vanessa. *Id.*

## II.    LEGAL STANDARD

A complaint must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). A

jurisdictional attack under Rule 12(b)(1) "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In resolving a facial attack, courts must "assume [the plaintiffs'] allegations to be true and draw all reasonable inferences in [their] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Because the Ondriseks are invoking the court's jurisdiction, they bear the burden of proving that the case is properly in federal court. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

USCIS contends that the allegations in the amended complaint are insufficient on their face to establish subject matter jurisdiction. Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in the complaint. I thus assume that the complaint's allegations are true and draw all reasonable inferences in the Ondriseks's favor.

### III. DISCUSSION

#### A. Sovereign Immunity

The Ondriseks have failed to meet their burden of "showing an unequivocal waiver of [sovereign] immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). They assert that their claim falls within the court's federal question jurisdiction under 28 U.S.C. § 1331. Because they allege a due process claim under the United States Constitution, their claim is a federal question arising under federal law, as § 1331 requires. However, "[s]ection 1331 does not waive the government's sovereign immunity from suit." *Holloman v. Watt*, 708 F.2d 1399,

1401 (9th Cir. 1983). Further, "the analysis of jurisdiction cannot stop with § 1331, because the claims in this case are . . . against the federal government, and thus are barred by sovereign immunity unless the government has consented to suit." *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985). The Ondriseks do not identify a waiver of sovereign immunity so I lack subject matter jurisdiction. *See id.* at 1484 n.3 (stating that sovereign immunity is not merely a defense but acts as "a jurisdictional bar: 'the existence of consent [to suit] is a prerequisite for jurisdiction.'" (quotation omitted)). I therefore grant USCIS's motion to dismiss.

### B. Leave to File a Motion to Amend

Federal Rule of Civil Procedure (15)(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The policy underlying Rule 15 favors granting amendment with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quotation omitted). But I may deny leave to amend if the "proffered amendments would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). One example of futility is if the amended complaint provides no basis for subject matter jurisdiction. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

The Ondriseks asked for leave to amend but they did not include a proposed amended complaint or indicate how they could save their claim. At this stage, it is not clear that amendment would be futile. I therefore grant the Ondriseks leave to file a motion to amend. If they choose to do so, they must attach to the motion their proposed amended complaint and explain why amendment would not be futile. The plaintiffs are advised to review all of the possible grounds for dismissal that USCIS raised in its motion to dismiss.

/ / / /

## IV. CONCLUSION

IT IS THEREFORE ORDERED that defendant USCIS's motion to dismiss **(ECF No. 28) is GRANTED**.

IT IS FURTHER ORDERED that on or before October 24, 2019, the plaintiffs may file a motion for leave to amend their first amended complaint.

DATED this 23rd day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE